IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ANTONIA DENICOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 9:12-cv-2690-CWH-BM |
| | ) |
| TOWN OF RIDGELAND AND RIDGELAND | ) |
| POLICE DEPARTMENT | ) |
| | ) |
| Defendants. | ) |

## AMENDED ANSWER

The Town of Ridgeland and its Police Department (which is not a separate legal entity) answer the Complaint as follows. Each enumerated item corresponds with the numbering of the Complaint.

1. Admitted on information and belief.

2. Admitted.

3. Admitted.

4. Regarding this paragraph, the Town admits that the listed persons were employees. The Town denies that any improper acts occurred and, therefore, denies any liability.

5. Admitted.

6. Admitted.

7. Denied.

8. The Town admits Plaintiff filed a charge of discrimination. All remaining allegations are denied.

9. The Town has insufficient information to admit or deny when Plaintiff received her right to sue letter.

10. The Town has insufficient information to admit or deny when Plaintiff received her right to sue letter.

11. The Town can neither admit nor deny this allegation because it does not know when Plaintiff received her right to sue letter.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The Town admits that Defendant filed the referenced complaint about Christopher McIntosh and that items a through d describe her allegations.  The Complaint speaks for itself.  The Town admits that Plaintiff was upset following the alleged incident and complained and took a polygraph.  All remaining allegations are denied.

19. Admitted.

20. The Town denies that the move was against Plaintiff's wishes.   The Town admits Dobbs' salary was higher because of his service and qualifications.  The remaining allegations are denied.

21. Denied as stated.  Other persons also cleaned.  The practice of paying for these services was ended as to all participants.

22. The Town admits that the previous employee holding this position was paid more due to experience and services. All remaining allegations are denied.

23. Denied as alleged.

24. Denied as alleged. Plaintiff deliberately was absenting herself on the busiest work days of the month and was told to stop doing this. The Town admits Plaintiff was disciplined for doing this.

25. The Town admits Plaintiff had no vehicle but denies this was retaliatory. In her current position she did not have a need for a vehicle and it was not part of the position.

26. Denied as alleged. The Plaintiff was deliberately trying to avoid working the busiest days of the month. She was treated in accordance with Town policy regarding her absences.

27. Denied. Plaintiff was aware that her performance was inadequate.

28. In response to this paragraph, the Town restates the foregoing.

29. Admitted.

30. Denied as alleged. The Town denies that a hostile environment existed regarding Plaintiff on the basis of her gender or any other protected attribute.

31. Denied.

32. Denied.

33. Denied.

34. In response to this paragraph, the Town restates the foregoing.

35. Admitted.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. In response to this paragraph, the Town restates the foregoing.

42. Denied.

43. Denied.

44. Denied.

### FOR A SECOND DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action.

### FOR A THIRD DEFENSE

The Complaint has failed to state a claim upon which relief can be granted.

### FOR A FOURTH DEFENSE

Plaintiff has failed to exhaust her administrative remedies with regard to one or more of the claims asserted.

### FOR A FIFTH DEFENSE

Plaintiff's exclusive and preemptive remedy, for any injury she claims arose out of in the course and scope of her employment, is under the South Carolina Workers' Compensation Act, and recovery for any such injuries as alleged in the Complaint, if substantiated, would be barred pursuant to S. C. Code § 42-1-540.

### FOR A SIXTH DEFENSE

Some or all of Plaintiff's allegations are beyond the scope of her administrative charge of discrimination.

### FOR AN SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages, and her claims are thus precluded or limited under the doctrine of avoidable consequences.

## FOR AN EIGHTH DEFENSE

Defendant at all times acted in good faith, on reasonable grounds, and without malice or intent to harm or discriminate.

## FOR A NINTH DEFENSE

Defendant is a public sector entity against which punitive damages may not be awarded.

## FOR A TENTH DEFENSE

Plaintiff in her Complaint has made allegations about incidents that Plaintiff failed to report to Defendant despite Defendant's mechanism for reporting complaints.

## FOR AN ELEVENTH DEFENSE

Defendant pleads immunity under the South Carolina Tort Claims Act and qualified immunity

## FOR A TWELFTH DEFENSE

Regarding her claim of wrongful discharge, Plaintiff has an existing remedy for the actions she alleges.

## FOR A THIRTEENTH DEFENSE

Plaintiff would have been terminated based on after-acquired evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant prays that Plaintiff's Complaint be dismissed, with attorneys' fees and costs awarded to the Defendant, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        Attorneys for the Defendants
        Town of Ridgeland & Ridgeland Police Department

        s/ Katherine A. Phillips_____
        Charles F. Thompson, Jr. (FID #5969)
        Katherine A. Phillips (FID # 10381)

        Malone, Thompson, Summer & Ott LLC
        339 Heyward  Street, Suite 200
        Columbia, S.C. 29201
        Tele: (803) 254-3300
        Fax:  (803) 254-0309

March 12, 2013
Columbia, South Carolina