IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ANTONIA DENICOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 9:12-cv-2690-SB-BM |
| | ) |
| TOWN OF RIDGELAND AND RIDGELAND POLICE DEPARTMENT | ) |
| | ) |
| Defendants. | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This memorandum is submitted in reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

In her Response, the only thing that the Plaintiff did was give a narration of unconnected workplace incidents, including the dispute which immediately preceded her transfer. Then, without any evidence linking them, she connects the workplace incidents to her transfer and to her termination for poor performance eight months after the transfer. Regarding the workplace incidents, she did not complain about any of the incidents, as sexual harassment, through the Town's sexual harassment complaint procedure. Almost none of the incidents had any relation to gender, they were unconnected, involved different actors, and were widely separated in time. Even if they could be connected, they fall far short of the "severe and pervasive" standard required to show sexual harassment.

Only the argument with her co-worker can be linked to her transfer and Plaintiff has admitted that argument had nothing to do with gender.

1

The incidents Plaintiff claims constitute sexual harassment are summarized as follows:

| Description | Time | With 300 days of her EEOC Charge? | Gender Related? | Complaint Filed? | Related to her transfer or other incidents? | Resolved? | Did it occur again? |
|---|---|---|---|---|---|---|---|
| **(1)** Councilman Cleland made comments about her butt and breast. [1] | 2007-2008 | No | Yes | Informal verbal to Capt. Mador | No | Yes—Town Administrator told Cleland to stop | No |
| **(2)** Chief Woods used a dinner bell to summon Denicola | No later than her transfer in Jan 2011. | No | No | No | No | She didn't make a complaint | Not after transfer |
| **(3)** McIntosh put a picture of naked David Hasselhoff on her computer | Before a time in 2010[2] | No | Arguably | Informal to Capt. Mador. (Exhibit 3). | No | Yes—Mador removed the picture. | No |
| **(4)** Chief asked if she cooked in the nude | June 2010 | No | Arguably | No. | No | She didn't complaint about it | No |
| **(5)** McIntosh said all women were cunts. | Sept. 2010[3] | No | Arguably | Informal to Mador.[4] | No | Yes-Mador counseled McIntosh | No |
| **(6)** Mador asked her to say word "fuck" and he had dreams about her. | Nov. [5]2010 | No | No | No | No | She didn't complain about it | No |
| **(7)** The McIntosh argument | Jan 2011 | Yes | No | Yes | Arguably | Yes-She was transferred | No |

Further notes regarding the above:

**(1)** Deniclo's own notes establish this incident was well beyond 300 days of filing her charge. Her notes make clear that the situation was addressed by the Town Administrator and Mr. Cleland never again

---

[1] Exhibit 1—These are Denicola's own notes introduced as Exhibit 10 to her deposition and marked beginning with Bates 121.
[2] Exhibit 3 – Denicola's Dep. pp. 194-196.
[3] Exhibit 2 -- Introduced as Ex. 7 to Denicola's deposition, date reference at Bates 420.
[4] Exhibit 3 --  Denicola's Dep. p. 76-77
[5] Exhibit 2—Introduced as Ex. 7 to Denicola's deposition and date reference is at Bates 420.

2

made inappropriate remarks. These allegations are not in Denicola's charge to the EEOC (Exhibit 2)[6] nor mentioned in her Complaint. Finally, the incident clearly was not connected to any other incidents.

**(2)** Denicolo's own description in her EEOC charge (Exhibit 2) (Bates 420) do not show this alleged practice was gender-related. It also had nothing to do with the alleged adverse employment action (her transfer) and nothing to do with her transfer or termination for poor performance. Further, she made no complaint about it and admitted it did not affect her job.[7]

**(3)** This incident occurred before sometime in 2010 because Officer Marcarella testified he heard about it and Marcarella left the Town's employ in 2010. This incident is not included in Denicola's EEOC complaint (Exhibit 2) nor in her Complaint. Furthermore, the incident is more than 300 days prior to her charge, unconnected to other events, and was remedied. Although Plaintiff now alleges Chris McIntosh put the picture on her computer, she never accused him of doing it nor did she report to her superiors that she heard McIntosh had done it.

**(5)** Regarding this incident, Denicola admits it was an overheard remark, not directed at her, about all women. The allegation is more than 300 days before her charge, she filed no formal complaint, and it was addressed by Capt. Mador and did not happen again.

**(6)** This allegation is also beyond 300 days and she made no complaint about it. She admitted that she thought of Mador as a son and she did not allege the remarks were meant to be sexual in nature. Plaintiff supplied no context for the remarks.

**(7)** As made clear in Defendant's Motion for Summary judgment, the McIntosh argument was not in any way related to gender. It was unconnected with other events and unrelated to Plaintiff's termination.

---

[6] Exhibit 2—Introduced as Ex. 7 to Denicola's deposition and beginning at Bates 418.
[7] See Exhibit A (Denicola's Deposition Testimony) to Defendant's Summary Judgment Motion pp. 64-66.

**Conclusion**

The above chart makes clear that only the McIntosh argument is even remotely related to Plaintiff's transfer to the Water Department. All of the other incidents are beyond 300 days from the time Plaintiff filed her EEOC charge and have no connection whatsoever to each other, much less to the decision to transfer Plaintiff to the Water Department or the decision to terminate her employment. Plaintiff filed no formal complaint regarding these incidents. When she made informal complaints, the situations were appropriately remedied. Plaintiff points to no facts, and makes no argument, that any of the events are related. They are spread over many months and involve different actors.

Even the McIntosh argument is not legally related to Plaintiff's transfer because, as stated in Defendant's Motion for Summary Judgment, the decision to transfer was not made by the harasser. And, of course, the McIntosh argument admittedly had nothing to do with gender. Plaintiff pointed to no facts, and made no argument, that the McIntosh argument, about the Rule 5 requests, was gender related.

As argued more fully in Defendant's Motion, to the extent the Plaintiff is claiming some combination of the events above constitute sexual harassment not culminating in an adverse employment action, that cause of action would fail. All the gender-related events are beyond 300 days from her charge with the EEOC. They are unrelated. She did not use the correct complaint procedure. Where she informally complained, the complaints were remedied. The incidents were spread over years. For all these reasons, Plaintiff fails to meet the "severe and pervasive" standard required to show actionable sexual harassment and fails to show she made a complaint through the appropriate procedure.

For all the above reasons, and those stated in Defendant's Motion, Defendant requests summary judgment as to all claims.

                                    Attorney for the Defendant,

                                    /s/Charles F. Thompson Jr.
                                    Charles F. Thompson, Jr. (05969)
                                    Katherine Phillips
                                    Malone, Thompson, Summers & Ott
                                    339 Heyward Street
                                    Columbia, S.C. 29201
                                    803-254-3300

This the 16th day of January 2014